***E-FILED - 8/13/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLOYZELLE K. JONES, | ) | No. C 07-1013 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; ORDER DENYING PETITIONER'S MOTION FOR JUDICIAL NOTICE; SCHEDULING FURTHER BRIEFING |
| vs. | ) ) ) | |
| BEN CURRY, et al., | ) ) | |
| Respondents. | ) ) | |
| | ) | (Docket nos. 4, 7) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board") decision denying him parole. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for lack of standing and failure to sufficiently plead a claim. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers, the court DENIES respondent's motion to dismiss and issues a further scheduling order as set forth below. Petitioner also filed a motion for judicial notice. For the reasons stated below, the court DENIES petitioner's motion for judicial notice.

///

**STATEMENT**

In 1985, Petitioner was convicted of murder and robbery with the use of a firearm in Orange Superior Court. Petitioner challenges the Board's decision denying him parole. Petitioner alleges that he has exhausted all of his claims in the state courts. Petitioner filed the instant federal habeas petition on February 16, 2007.

**DISCUSSION**

A.   Motion to Dismiss

Respondent argues that petitioner fails to allege his claims with specificity to satisfy standing because he does not assert to which parole hearing he is referring in his petition and fails to attach a copy of the transcript of such hearing, see Respondent's Motion to Dismiss ("Mot."), p. 2-3. Petitioner responds that the only denial of parole hearing that he has properly exhausted through the state courts is the denial of his November 2004 hearing and, further, he is not required to attach transcripts to his petition, see Petitioner's Opposition to Motion to Dismiss ("Opp."), p. 2-4. Respondent replies that petitioner's failure to provide such identifying information in his section 2254 petition fails to establish standing or relief, see Respondent's Reply, p. 2.

Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); cf. Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 952 (9th Cir. 1998) (holding that magistrate judge properly construed petition as challenging two convictions, even though the petitioner identified only one conviction as the "offense involved" on the petition form, because the factual allegations of the petition alluded to both of the petitioner's trials).

In his federal petition, petitioner twice references the Board's failure to set a parole date *for the third time* in conjunction with his allegations of a violation of due process. See petitioner's section 2254 petition, p. 6. Stated as such, petitioner's allegations set forth sufficient facts to show a federal claim is presented. The petition is sufficiently clear as to which parole decision petitioner challenges; namely, his third parole hearing in November 2004. Particularly

1   in light of this court's duty to construe pro se petitions for writs of habeas corpus liberally,
2   Zichko, 247 F.3d at 1020, respondent's motion to dismiss is denied.
3   B.   Motion for Judicial Notice
4        Petitioner's motion for judicial notice asks the court to take notice of In re Singler, 161
5   Cal.App.4th 281 (Cal. App. 2008), and Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008). The
6   court need not take judicial notice of case law.  Parties need not request the court to judicially
7   notice published decisions from other courts; indeed, such requests unnecessarily consume
8   judicial resources and delay the resolution of cases pending in this court.  If a party wants the
9   court to consider a published decision, it is sufficient to cite the decision in his brief.  If a
10  particularly relevant decision is published after the party's brief is filed, the party may file a
11  notice of supplemental authority that identifies the decision and, if such decision is not readily
12  available to the court and opponent, attach it to the notice.  Upon review of the merits of the
13  petition, the court will consider the cases petitioner has attached as exhibits to his motion.

## CONCLUSION

15       1.   Respondent's motion to dismiss the petition (docket no. 4) is DENIED.
16       2.   Petitioner's motion for judicial notice (docket no. 7) is DENIED.
17       2.   Respondent shall file with the court and serve on petitioner, within **sixty**
18  **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules
19  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
20  granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of
21  the underlying prison disciplinary record that have been transcribed previously and that are
22  relevant to a determination of the issues presented by the petition.
23       3.   If petitioner wishes to respond to the answer, he shall do so by filing a
24  traverse with the court and serving it on respondent within **thirty days** of the date the answer is
25  filed.
26       4.   It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
27  all communications with the court must be served on respondent by mailing a true copy of the
28

1  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
2  change of address by filing a separate paper captioned "Notice of Change of Address."  He must
3  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
4  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
5      This order terminates docket numbers 4 and 7.
6      IT IS SO ORDERED.
7  DATED:  8/12/08      *Ronald M. Whyte*
                        RONALD M. WHYTE
8                       United States District Judge